Dear Marshal Hilton:
You have requested an opinion of the Attorney General regarding the authority for you and your employees to participate in a deferred compensation plan. You specifically ask whether you may pay the Employer's contribution for such a plan out of the Ruston Marshal's Office General Fund established pursuant to R.S.13:1899(C). It provides, in pertinent part, the following:
 "C. In all criminal matters, the city judge shall assess, in addition to the foregoing costs, the sum of ten dollars as additional costs of court, the proceeds from which shall be deposited in a special account, separate and distinct from the account provided for in Subsection B of this Section, which account shall be in the name of and under the control of the marshal or constable of the court, shall be subject to audit, and shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for the proper conduct of the marshal's or constable's office, . . . ."
As can be seen from the above, the marshal is authorized to use the funds collected pursuant to Section 1899(C) to defray the operational expenses of the office, all as may be useful and necessary for the proper conduct of said office.
This office has previously opined that a political subdivision is authorized to implement a voluntary supplemental retirement plan with employee contributions and employer match which would be separate from, and in addition to, a primary retirement plan or Social Security coverage. Attorney General Opinion No. 95-65. The opinion further concluded that matching contributions by the employer on behalf of an employee and/or elected or appointed official were permissible. I'm enclosing a copy of this opinion for your reference and convenience.
Further, it is the opinion of this office that the employer's portion of matching contributions may be payable from funds collected pursuant to R.S. 13:1899(C).
Extreme care should be taken by one seeking to implement such a plan to insure that the total amount of employee contributions eligible for a shelter does not exceed that allowable under federal law. In this regard, we recommend that, before implementing such a plan, you contact Tom Brisendine with the Office of Chief Council, Internal Revenue Service, (202) 622-6030. We further recommend that you contact Linda Yelverton, Department of the Treasury, Division of Social Security, (504) 342-0026, with regard to any questions pertaining to Social Security benefits.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:__________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla Enclosure
State of Louisiana
DEPARTMENT OF JUSTICE Baton Rouge P.O. BOX 94095 70804-9095 Tel: (504)342-4604 RICHARD P. IEYOUB Fax: (504)342-3885 ATTORNEY GENERAL
 MARCH 22, 1995 OPINION NUMBER 95-65 60 — Laws — General 92-A-2-(e) — Retirement/Parochial Employees 107-1 — Social Security R.S. 42:1301, etc.
Mr. Emery Bares, Chairman A political subdivision may Deferred Compensation establish a voluntary supplemental Commission retirement plan with employee 2237 South Acadian contributions and employer match, Thruway, Suite 702 which plan would be separate from Baton Rouge, LA 70808 and in addition to a primary retirement plan or Social Security coverage. The plan could involve matching contributions by the employer on behalf of an employee and on behalf of an elected or appointed official unless the implementation of the match would exceed the compensation of an employee or official that is fixed by statute.